Argued March 7, affirmed March 28, 1963

## STATE OF OREGON *v.* HUITT

380 P. 2d 110

*Freeman C. Murray,* Klamath Falls, argued the cause for appellant. With him on the brief were Beesley and Murray, Klamath Falls.

*Sam A. McKeen,* Deputy District Attorney for Klamath County, argued the cause for respondent. With him on the brief was Dale T. Crabtree, District Attorney for Klamath County.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PERRY, J.

The defendant was convicted of the larceny of a calf, and appeals.

■ The evidence in this case discloses that on the 12th day of August, 1961, the hind quarters of a calf were found in a truck owned by the sister-in-law of the defendant. In this truck there were two rifles, a 30-30 and a Swedish Mauser.

Shortly after the truck containing the hind quarters of the calf and the rifles was discovered, the remainder of the calf was found near the Yamsey Ranch in Klamath County, Oregon. There are no neighbors within a considerable distance of the Yamsey Ranch. The calf had been shot with the 30-30 rifle.

There was evidence that placed the defendant and his brother in the vicinity of where the calf was killed, and near the time of the killing. No evidence was introduced as to the ownership of the 30-30 which killed the calf, but there was evidence that the Mauser had been loaned to the defendant and his brother. Both rifles were introduced into evidence.

The defendant's first assignment of error is that the court erred in permitting the identification of the Mauser rifle and its introduction into evidence. The defendant relies upon the case of *State v. Thompson,* 228 Or 496, 364 P2d 783. That case has no application to the facts of this case. The holding in that case that the gun found in defendant's home was inadmissible was based upon the fact that there was no evidence to disclose that the gun claimed to have been

carried at the time of the robbery was the same gun as the one found in the home.

The defendant in this case is not charged with unlawfully using a gun; he is charged with larceny.

The sole question is whether or not the Mauser rifle was relevant to an issue in the case.

■ One of the principal issues of larceny is a felonious taking. The fact that the defendant and his brother had borrowed the gun, and the gun was found in the same vehicle with the hind quarters of the calf, tended to disclose the presence of the defendant at the time of the taking.

There are other assignments of error, so lacking in merit we refuse to discuss them.

The judgment is affirmed.